# No. 25-1818

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA, et al., ex rel. JESSICA PENELOW and CHRISTINE BRANCACCIO,

*Plaintiffs-Appellees*,

v.

JANSSEN PRODUCTS, LP,

*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CASE NO. 3:12-CV-07758
THE HON. ZAHID N. QURAISHI

## APPELLANT'S MOTION FOR LEAVE TO
## FILE REPLY BRIEF THAT EXCEEDS WORD LIMIT

Defendant-Appellant Janssen Products, LP ("Janssen") respectfully requests that the Court grant it leave to file a reply brief that does not exceed 9,500 words—*i.e.*, 3,000 words over the standard limit. Plaintiffs-Appellees Jessica Penelow and Christine Brancaccio (collectively, "Relators") oppose the request. Intervenor-Appellee the United States takes no position.

After Janssen filed its opening brief in this matter, the Court granted the United States' motion to intervene and to participate as an *amicus curiae* in this appeal. As a result, Janssen's reply brief must address arguments set forth in two, full-length briefs—one from the Government and another from Relators. Further, this appeal involves a complex factual record, multiple legal issues concerning the appropriate application of the False Claims Act ("FCA"), and a major constitutional question of first impression in this Circuit: whether the FCA's *qui tam* provisions violate Article II. An extension of 3,000 words would allow Janssen to adequately brief those substantial and consequential issues.

## BACKGROUND

Relators filed suit in December 2012 bringing claims under the federal False Claims Act ("FCA") and numerous state FCAs. Relators alleged that Janssen engaged in "off-label" marketing by promoting FDA-approved HIV medications for the treatment of HIV. Relators contended that these promotional efforts caused the

submission of claims that were false because they resulted in claims for government reimbursement of "off-label" prescriptions. The Government declined to intervene.

Pretrial proceedings lasted nearly a decade, with extensive fact and expert discovery. A jury trial commenced on May 6, 2024, after which there was extensive briefing on various issues. Janssen filed a motion for judgment as a matter of law and a motion for new trial, and Relators filed a motion for entry of judgment. On March 28, 2025, the district court granted in part Janssen's motion for judgment as a matter of law, vacating the jury's verdict on the state false claims act claims and its $30,001,184 award to the States. After imposing treble damages in the amount of $360,014,208 and civil penalties in the amount of $1,276,592,000 against Janssen, the district court entered judgment of more than $1.64 billion—the largest ever judgment in an FCA case.

Janssen appealed on April 25, 2025, and submitted its opening brief on July 14. On the same day, the Government moved to file a full-length, 13,000-word brief to intervene in order to defend the constitutionality of the FCA and to participate as an *amicus curiae* in support of neither party. Dkt. No. 24. This Court granted that request on August 22. Dkt. No. 55.

The Government then filed a 11,611-word brief on August 27. Dkt. No. 56. Although the Government's brief includes a section agreeing with Janssen that the district court erred in instructing the jury and in upholding the jury verdict based

solely on evidence of "off-label" marketing, the majority of the Government's brief responds to Janssen's constitutional arguments. In particular, the Government argues that the FCA's *qui tam* provisions are valid notwithstanding Article II and that the penalty imposed here is not unconstitutionally excessive. *Id.* Then, on September 17, Relators filed their 12,948-word response brief, which generally addresses the issues raised in Janssen's and the Government's briefs. Dkt. No. 58.

## ARGUMENT

Additional words are warranted here for two main reasons. *First*, unlike in ordinary appeals, Janssen must respond to two full-length briefs addressing the complex issues in this appeal: the Government's 11,611-word brief and Relators' 12,948-word response brief. Further, those briefs overlap only partially. For example, the Government's brief addresses both of the constitutional issues—*i.e.*, the Article II and Excessive Fines issues—in significant detail, while Relators' brief focuses more heavily on Janssen's arguments that there was insufficient proof to establish the various FCA elements, including falsity, materiality, causation, and scienter. In short, in its reply brief, Janssen must respond to two full-length briefs that are materially different.

*Second*, this appeal raises an Article II challenge to the FCA's validity that requires additional briefing space. Janssen has argued that the FCA's *qui tam* provisions violate Article II, a question of first impression in this Circuit. *See* Dkt.

No. 31 at 47-52.  Multiple Supreme Court Justices have expressed doubts regarding the FCA's constitutionality, *see Wisconsin Bell, Inc. v. United States ex rel. Heath*, 145 S. Ct. 498, 515 (2025) (Kavanaugh, J., concurring); *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 449 (2023) (Thomas, J., dissenting); *id.* at 442 (Kavanaugh, J., concurring), and a federal district court has already held that the statute is unconstitutional, *see United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024).  The constitutional validity of a major federal statute is a weighty question that warrants substantial briefing in its own right.  Indeed, the Government spends nearly twenty-eight pages of its brief on the constitutional issues, with the majority of its discussion defending the FCA's constitutionality.  Additional words are needed to adequately address the Article II issue in addition to the other substantial issues presented in this appeal.

## CONCLUSION

　　For the above reasons, Janssen respectfully requests that the Court grant it leave to file a reply brief that does not exceed 9,500 words.

Date: October 7, 2025

Respectfully submitted,

/s/ *Mark W. Mosier*

Mark W. Mosier
Matthew F. Dunn
Krysten Rosen Moller
Daniel G. Randolph
Kendall T. Burchard
Alexander J. Cave
Mishi Jain
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mmosier@cov.com
*Counsel for Janssen Products, LP*

## CERTIFICATE OF COMPLIANCE

1.　　This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 855 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

2.　　This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point, Times New Roman font.

Date: October 7, 2025　　　　　　　　　　　　　*/s/ Mark W. Mosier*
　　　　　　　　　　　　　　　　　　　　　　　Mark W. Mosier

## CERTIFICATE OF SERVICE

I certify that on October 7, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 7, 2025                    */s/ Mark W. Mosier*
                                          Mark W. Mosier