**No. 25-1818**

**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

UNITED STATES OF AMERICA EX REL. JESSICA PENELOW AND CHRISTINE BRANCACCIO, ET AL.,
*Plaintiffs-Appellees*,

AND

UNITED STATES OF AMERICA,
*Intervenor-Appellee*,

v.

JANSSEN PRODUCTS, LP,
*Defendant-Appellant*.

On Appeal from the United States District Court for the District of New Jersey, No. 3:12-cv-07758-ZNQ-JBD, Hon. Zahid N. Quraishi

# OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF THAT EXCEEDS WORD LIMIT; IN THE ALTERNATIVE, MOTION TO FILE SUR-REPLY

Peter D. Marketos
Joshua M. Russ
Andrew O. Wirmani
Adam C. Sanderson
Whitney L. Wendel
REESE MARKETOS LLP
750 N. St. Paul Street, Suite 600
Dallas, Texas 75201
(214) 382-9810
pete.marketos@rm-firm.com

David C. Frederick
Ariela M. Migdal
Kyle B. Grigel
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com

*Counsel for Appellees*

October 14, 2025

*(additional counsel listed on inside cover)*

Sherrie R. Savett
Joy P. Clairmont
Michael T. Fantini
William H. Ellerbe
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 875-3000
ssavett@bergermontague.com
jclairmont@bergermontague.com
mfantini@bergermontague.com
wellerbe@bergermontague.com

*Counsel for Appellees*

Plaintiffs-Appellees ("Relators") respectfully oppose Defendant-Appellant's ("Janssen") request to file a reply that is 3,000 words – 46% – over the limit. Dkt. 69 at 2; *see* Fed. R. App. P. 27; 3d Cir. L.A.R. 27.

This Court's Standing Order provides that "motions to exceed the page or word limitations for briefs are strongly disfavored and will be granted only upon demonstration of extraordinary circumstances." Standing Order Regarding Motions to Exceed the Page Limitations of the Federal Rules of Appellate Procedure, Third Circuit (Jan. 9, 2012); *see also* Dkt. 12-2 (same).

Janssen has not made, and has not tried to make, that showing. Before filing its brief, Janssen consented to a briefing schedule allowing the United States to file a brief defending the constitutionality of the *qui tam* statute and the penalties, two issues Janssen addressed in its opening brief. Janssen did not seek additional words for its reply at that time, even though it knew the United States would address these issues. Relators also did not seek additional words, despite knowing they would have to address the United States's arguments in their response brief. It would prejudice Relators for Janssen to obtain a 46% expansion of its reply now.

Should this Court disagree and grant Janssen's request, however, Relators respectfully request that it maintain parity by granting Relators leave to file a sur-reply brief, not to exceed 3,000 words.

## BACKGROUND

On July 10 – *before* Janssen's filing deadline – the United States informed both parties by email that it would "(1) move to intervene . . . for the limited purpose of defending the constitutionality of the *qui tam* and civil-penalty provisions of the False Claims Act," "(2) participate as amicus curiae in support of neither party," and (3) seek "to file a single 13,000 word brief." It proposed a joint briefing schedule, which Janssen did not oppose. *See* Dkt. 24-1. Janssen did not suggest changes to the word limits as part of that joint schedule.

Janssen filed its brief on July 14. *See* Dkt. 31 ("Janssen Br."). On August 27, the United States proceeded, as set forth in its unopposed motion, to file a brief defending the constitutionality of the FCA's *qui tam* and civil-penalty provisions. *See* Dkt. 56 ("DOJ Br."). Janssen did not request extra words in response.

On September 17, Relators filed a standard-length brief in accordance with the federal rules. *See* Dkt. 58 ("Relators' Br."). It addressed Janssen's myriad issues and certain of the United States' arguments. *See id.* at 49-51 .

On October 3, 2025, Janssen contacted Relators and the United States and requested leave to file a reply 3,000 words more than the 6,500-word limit. The United States took no view. Relators oppose that request.

## ARGUMENT

Janssen has not demonstrated the "extraordinary circumstances" this Court requires. Dkt. 12-2. It does not claim that it has met the "extraordinary circumstances" standard, nor does it mention the Court's Standing Order governing requests for additional words. Its request to file a brief 46% over the limit comes too late for Relators to request reciprocal treatment, even though Janssen has known – since the parties consented to the United States' proposed briefing schedule before Janssen filed its brief – that the United States would file a full-length brief defending the constitutionality of the *qui tam* statute. The United States' brief, to which Janssen consented, does not provide those extraordinary circumstances. And the argument Janssen seeks to further develop does not warrant additional ink.

**1.** No "extraordinary circumstances" justify granting extra words given Janssen's unjustified delay in filing this request. Janssen knew the United States would intervene defending the FCA's constitutionality before filing its brief. It did not oppose the intervention or the 13,000-word brief the United States sought. It did not seek to negotiate mutual word expansions with Relators in the unopposed motion for a briefing schedule.

Nor did Janssen seek additional words *after* the United States filed its brief, in time for Relators to seek reciprocal additional words for their brief. By August 27, Janssen had the United States' brief in hand. It had three weeks to review and

determine if it would require extra pages in reply before Relators filed their brief on September 17. Yet Janssen declined to request extra words at the time.

This harmed Relators. Had they known Janssen would request more words, they could have sought the same benefit to respond in more detail to portions of the United States' brief. *See* DOJ Br. 34-41; Relators' Br. 49-51. Relators made hard choices about allocating words across their arguments on the expectation that a reply within the word limit would follow. And while Relators cited the United States' brief as supplemental authority in places, they independently briefed defenses to each of the constitutional arguments the United States addressed. This case is far afield from those in which parties divvy up responsibility for arguments and then incorporate each other's filings by reference.

**2.** Even setting aside Janssen's prejudicial timing, nothing in the United States' brief justifies extra words. The brief broke no new ground, either as to the arguments raised or the authorities cited. The United States has filed similar briefs over the years, giving Janssen a clear view of what to expect. *See, e.g.*, Brief for Appellant United States, *United States ex rel. Zafirov v. Florida Med. Assocs., LLC*, No. 24-13581 (11th Cir. Jan. 6, 2025), Dkt. 39; Intervenor United States of America's Petition for Rehearing or Rehearing En Banc, *United States ex rel. Grant v. Zorn*, No. 22-3481 (8th Cir. Aug. 16, 2024); Response/Reply Brief for the United States, *United States ex rel. Bunk v. Birkart Globistics*, No. 12-1369 (4th Cir. Nov.

15, 2012), Dkt. 70, 2012 WL 5589924; Brief for the Intervenor United States as Represented by the Department of Justice, *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, No. 97-20948 (5th Cir. June 25, 1998), 1998 WL 34079896. The company cannot claim surprise.

To the extent Janssen finds its word count stretched thin, that reflects its decision to brief more than a dozen unrelated issues – including claims not raised before the district court and claims alleging Relators failed to prove *each* FCA element – rather than focusing on "developing the arguments" that, in its view, have "some promise." *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000). "When a party comes to [Court] with nine grounds for reversing the district court, that usually means there are none." *Fifth Third Mortg. Co. v. Chicago Title Ins. Co.*, 692 F.3d 507, 509 (6th Cir. 2012).

**3.** Janssen's challenge to the FCA's *qui tam* provisions does not constitute an "extraordinary circumstance," either. Janssen did not move for an enlargement of words at the outset of briefing, despite knowing it intended to press this challenge. Nor did Janssen treat the issue as "extraordinary." It devoted only 1,127 words of its opening brief to those FCA provisions and consented to the United States filing a 13,000-word brief defending the FCA's constitutionality without seeking an enlargement of the word limits for the remaining briefing. It would be inappropriate

for Janssen to obtain a windfall of almost three times the number of words it used in its opening brief to address the issue in reply.

Janssen is free to spend its word allotment challenging the constitutionality of a 162-year-old statute – supported by "well[-]nigh conclusive" historical practice pre- and post-dating the Founding, *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 777 (2000). And it is free to advance a theory that five courts of appeals (including the *en banc* Fifth Circuit) have rejected and that no court of appeals has embraced. *See* DOJ Br. 18 (citing cases). But this Court should not subsidize that choice.

**4.** Janssen's contrary arguments do not move the needle. It suggests (at 4), without explanation, that this case is "unlike [a]n ordinary appeal[]" because "Janssen must respond to two full-length briefs." But there is nothing out of the ordinary about the United States' exercise of its statutory right to intervene, or about its filing a brief, to which Janssen consented before its own brief was due and which is routine in cases challenging statutes' constitutionality. *See* 28 U.S.C. § 2403(a); 28 C.F.R. § 0.21. Moreover, plenty of "ordinary" appeals involve multiple parties.

Janssen claims (at 4) the *qui tam* issue is "a question of first impression in this Circuit." Not exactly. This Court has thrown cold water on Janssen's theory in passing. *See* Relators' Br. 58 (quoting *Pennsylvania Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 80 F.3d 796, 806 (3d Cir. 1996)). There is no reason

it would (or should) create a split with five of its sister circuits based on five pages Janssen spent on this issue in its opening brief. *See* Janssen Br. 47-52.

Finally, Janssen cites (at 5) a lone district court opinion (now on appeal) and the solo opinions of two justices expressing openness to alternative perspectives on the *qui tam* issue. Those authorities, which Janssen already addressed in its opening brief (at 50-51), do not constitute "extraordinary circumstances" justifying the "strongly disfavored" practice of granting extra words.

## CONCLUSION

Accordingly, Relators respectfully request that this Court deny Janssen's Motion. If, however, the Court disagrees, Relators respectfully request that this Court grant them leave to file a responsive sur-reply brief, not to exceed 3,000 words.

Dated: October 14, 2025

Respectfully submitted,

/s/ *David C. Frederick*

David C. Frederick
Ariela M. Migdal
Kyle B. Grigel
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
amigdal@kellogghansen.com
kgrigel@kellogghansen.com

Peter D. Marketos
Joshua M. Russ
Andrew O. Wirmani
Adam C. Sanderson
Whitney L. Wendel
REESE MARKETOS LLP
750 N. St. Paul Street, Suite 600
Dallas, Texas 75201
(214) 382-9810
pete.marketos@rm-firm.com
josh.russ@rm-firm.com
andrew.wirmani@rm-firm.com
adam.sanderson@rm-firm.com
whitney.wendel@rm-firm.com

Sherrie R. Savett
Joy P. Clairmont
Michael T. Fantini
William H. Ellerbe
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 875-3000
ssavett@bergermontague.com
jclairmont@bergermontague.com
mfantini@bergermontague.com
wellerbe@bergermontague.com

*Counsel for Appellees*

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,582 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font. As permitted by Federal Rule of Appellate Procedure 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

3. In addition, pursuant to Third Circuit L.A.R. 31.1(c), the undersigned hereby certifies that a virus detection program (CrowdStrike) has been run on the electronic file, and that no virus was detected.

Dated: October 14, 2025

*/s/ David C. Frederick*
David C. Frederick

**CERTIFICATE OF FILING AND SERVICE**

The undersigned hereby certifies that, on October 14, 2025, I caused an electronic copy of the foregoing to be electronically filed with the United States Court of Appeals for the Third Circuit using the CM/ECF system, which automatically will send notification of such filing to counsel of record.

*/s/ David C. Frederick*
David C. Frederick

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Third Circuit L.A.R. 28.3(d) and 46.1, I, David C. Frederick, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: October 14, 2025

*/s/ David C. Frederick*
David C. Frederick