# No. 25-1818

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA, et al., ex rel. JESSICA PENELOW and CHRISTINE BRANCACCIO,

*Plaintiffs-Appellees*,

v.

JANSSEN PRODUCTS, LP,

*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CASE NO. 3:12-CV-07758
THE HON. ZAHID N. QURAISHI

## REPLY IN SUPPORT OF APPELLANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF THAT EXCEEDS WORD LIMIT AND OPPOSITION TO MOTION TO FILE SUR-REPLY

Defendant-Appellant Janssen Products, LP ("Janssen") respectfully submits this reply in support of its motion for leave to file a reply brief that does not exceed 9,500 words and in opposition to Plaintiffs-Appellees' ("Relators") motion to file a sur-reply.

This Court's standing order gives examples of when motions to exceed the word limit will be allowed. *See* Dkt. No. 12-2 (Standing Order). Those examples include when, in complex litigation, one party must file a single brief responding to multiple opposing briefs, and when "the subject matter clearly requires expansion of the page or word limitations." *Id.* These types of "extraordinary circumstances" are present here. *Id.* This appeal concerns the largest False Claims Act ("FCA") judgment in history and addresses multiple complex legal issues, including whether the FCA's *qui tam* provisions violate Article II—a question of first impression in this Circuit. Further, Janssen's reply brief must address arguments set forth in *two* full-length briefs—one from the Government and another from Relators. The Court has granted motions for additional words in similar cases. *See, e.g.*, *United States v. Bridges*, No. 21-1679, Dkt. No. 35 (3d Cir. Oct. 28, 2021) (granting motion to exceed word limits in a complex multi-party case involving significant constitutional issues).

In their Opposition to this request, Relators create new procedural requirements, minimize their own role in the briefing disparity, and invite the Court to ignore the circumstances of this case. Dkt. No. 71 ("Opp.").

Relators mainly complain (at 1, 3-4) that Janssen's motion is untimely because it did not file the motion upon learning that the United States would intervene in this action. Janssen's motion is timely under all applicable rules, including the Court's Standing Order, which "advise[s]"—but does not mandate—that the motion should be filed before the brief is due. Dkt. No. 12-2. Janssen filed its motion twenty days before its reply brief is due. Relators' rule—that a party must file a motion to exceed the word limit before seeing the opposing parties' briefs—is unworkable. A party cannot know whether it will need to exceed the word limit until it has reviewed the briefs to which it must respond.

This appeal demonstrates the point. Janssen's need for extra words did not become apparent until after the Government and Relators had filed their briefs. Rather than meaningfully addressing the Article II issue themselves, Relators included just a few truncated paragraphs on that topic and then cross-referenced 16 pages of the Government's brief. *See* Dkt. No. 58 at 57-58. Relators followed a similar approach when addressing the Excessive Fines issue. They briefed the matter in just a few pages by repeatedly cross-referencing the Government's 12-page

discussion. *See id.* at 58-61. That cross-referencing approach effectively resulted in thousands of extra words for Relators.

Relators next argue (at 5-7) that the constitutionality of the FCA is not a sufficiently weighty issue to warrant additional words. That contention lacks merit. Multiple Justices of the Supreme Court of the United States have suggested that the FCA's *qui tam* provisions violate Article II. *See, e.g.*, *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 442 (2023) (Kavanaugh, J., concurring, joined by Barrett, J.); *id.* at 451 (Thomas, J., dissenting). And a federal district court has held as much. *See United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024), *appeal docketed*, No. 24-13581 (11th Cir. Oct. 30, 2024) (to be argued December 12, 2025). Relators cite (at 6) *Com. of Pa., Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 80 F.3d 796 (3d Cir. 1996), to suggest this Court has decided the constitutionality of the FCA, but the Court assumed *without* deciding that the statute was constitutionally valid. *Id.* at 806.

The Government's actions in this case—intervening and filing a full-length brief largely focused on the Article II issue—confirm that the question here is significant. It is irrelevant that the Government has briefed the constitutional issues in other cases. *Cf.* Opp. 4-5. In any event, its position on the constitutionality of the FCA is evolving. *See* U.S. Br. 15 (now explaining that "if Congress's use of the qui tam mechanism were a new development, these features of qui tam suits would give

4

rise to substantial questions about whether they are consistent with the Vesting and Take Care Clauses"). This Court should have full briefing from both sides in considering the weighty constitutional issues presented here.

Relators move, in the alternative, for leave to file a sur-reply. The Court should deny that request. "Surreplies are generally disfavored" because they "risk[] opening the door to any litigant that disagrees with the opposing party's arguments to evade the standard briefing requirements and gain the last word." *Kiewit Power Constructors Co. v. Sec'y of Lab.*, 959 F.3d 381, 393 (D.C. Cir. 2020) (cleaned up); *see also Mader v. Union Twp.*, No. 22-1425, 2022 WL 17546953, at *3 n.5 (3d Cir. Dec. 9, 2022) (denying request to file sur-reply where reply did not raise new arguments). The relief Relators request is not contemplated by the Federal Rules of Appellate Procedure, and nothing in the Court's Standing Order suggests that, when it grants a motion to exceed the word limit, an opposing party is entitled to a sur-reply. Relators provide this Court with no reason—beyond a bare request—that an exception should be made in this case. Janssen would be prejudiced by a disproportionate briefing allocation, resulting from the Government and Relators filing separate briefs that included extensive cross-referencing. A sur-reply would only exacerbate that prejudice—rewarding Relators' briefing tactics by granting them additional words *and* the final brief (even though they are appellees and not cross-appellants). Whatever additional arguments Relators would like to present in

response to Janssen's reply brief may be heard at oral argument. In any event, Janssen's request for additional words stems from a need to respond fully to the constitutional arguments, which the Government fully argued but Relators barely addressed. To the extent any sur-reply is permitted it should therefore be limited to the constitutional issues.

## CONCLUSION

For the above reasons, Janssen respectfully requests that the Court grant it leave to file a reply brief that does not exceed 9,500 words. Janssen also opposes Relators' motion to file a sur-reply.

Date: October 17, 2025

Respectfully submitted,

/s/ *Mark W. Mosier*

Mark W. Mosier
Matthew F. Dunn
Krysten Rosen Moller
Daniel G. Randolph
Kendall T. Burchard
Alexander J. Cave
Mishi Jain
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mmosier@cov.com

*Counsel for Janssen Products, LP*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 1,049 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point, Times New Roman font.

Date: October 17, 2025                              */s/ Mark W. Mosier*
                                                    Mark W. Mosier

## CERTIFICATE OF SERVICE

I certify that on October 17, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 17, 2025                               */s/ Mark W. Mosier*
                                                     Mark W. Mosier