## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

UNITED STATES ex rel. JESSICA PENELOW, et al.,

   Plaintiffs-Appellees,

  v.

JANSSEN PRODUCTS, L.P.,

   Defendant-Appellant.

No. 25-1818

## UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO PARTICIPATE IN ORAL ARGUMENT AS BOTH INTERVENOR AND AMICUS CURIAE

The United States of America respectfully moves to participate in oral argument of this appeal both as intervenor and as amicus curiae, with ten minutes of time in addition to the time allocated to the parties. The parties do not oppose this request.

1.   The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes civil liability for a variety of deceptive practices involving government funds and property. The Act specifies that "any person who" commits a violation "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties

Inflation Adjustment Act of 1990 … , plus 3 times the amount of damages which the Government sustains because of the act of that person." *Id.* § 3729(a)(1); *see Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000) (penalties are "per claim"). For violations on or before November 2, 2015, the inflation-adjusted minimum penalty is $5,500 per claim. 28 C.F.R. § 85.3(a)(9).

The Attorney General may bring a civil action under the Act. 31 U.S.C. § 3730(a). Alternatively, a private person known as a relator may bring suit, "for the person and for the United States Government," "in the name of the Government." *Id.* § 3730(b)(1). When that happens, the government can decide whether to intervene and take over the suit. *Id.* § 3730(b)(2), (3).

2.      This is a qui tam action under the False Claims Act. The government declined to intervene under 31 U.S.C. § 3730 for the purpose of taking over the litigation. The case proceeded to a jury trial, after which the district court entered judgment against defendant Janssen Products, L.P. Janssen is appealing that judgment on numerous grounds, including that the qui tam provisions of the False Claims Act are inconsistent with Article II of the Constitution and that the amount of civil penalties imposed by the district court, within the range permitted by the statute, violates the Excessive Fines Clause

of the Eighth Amendment and the Due Process Clause of the Fifth Amendment.

3.    This Court granted the government's motion to intervene on appeal for the limited purpose of presenting "argument on the question of constitutionality" under 28 U.S.C. § 2403(a).  When the United States intervenes under that provision, it has "all the rights of a party," *id.*, including the right to participate on the same terms as a party at oral argument.

4.    In addition to addressing the constitutional issues as intervenor-appellee, the government's brief addressed another issue as amicus curiae in support of neither party.  The government is not a party to the case for purposes of addressing that issue, s*ee United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932-934 (2009), so the government can present oral argument on that issue only with the Court's leave.

5.    The government therefore seeks leave to present oral argument not just on the constitutional issues, as to which it has intervened, but as to the issue it addressed as amicus curiae.  The government routinely participates at oral argument as amicus curiae in qui tam actions under the False Claims Act, because the government is a real party in interest in such cases,

*see Eisenstein*, 556 U.S. at 933-934, and has a strong interest in the proper interpretation of the Act.  In this Court, for instance, the government has recently participated at oral argument as amicus curiae in *United States ex rel. Bennett v. Bayer Corp.*, No. 24-1807, 2025 WL 1435591 (3d Cir. Apr. 10, 2025); *United States ex rel. Druding v. Care Alternatives*, 81 F.4th 361 (3d Cir. 2023), and *United States ex rel. Druding v. Care Alternatives*, 952 F.3d 89 (3d Cir. 2020).

6.    Because the government's position is not fully consistent with that of any party, the government respectfully requests that it be afforded ten additional minutes of argument time, sequenced after appellant's argument in chief and before appellees' argument, so as not to diminish the time available to the parties and so as to allow each party to respond to the government's arguments.

7.    The parties do not oppose this relief.

Respectfully submitted,

MICHAEL S. RAAB
CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7245*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 305-8849*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 696 words, according to Microsoft Word.

*/s/ Daniel Winik*

Daniel Winik