No. 25-1818

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

UNITED STATES *ex rel.* JESSICA PENELOW, et al.,
*Plaintiffs-Appellees*,

vs.

JANSSEN PRODUCTS LP,
*Defendant-Appellant.*

On Appeal from the United States District Court for the District of New Jersey,
No. 3:12-cv-07758-ZNQ-JBD, Hon. Zarid N. Quraishi

## MOTION OF *AMICUS CURIAE* THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA TO ENLARGE ARGUMENT TIME AND PARTICIPATE IN ORAL ARGUMENT

MICHAEL H. MCGINLEY
BRIAN A. KULP
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ANDREW R. VARCOE
MARIEL A. BROOKINS
U.S. CHAMBER LITIGATION
CENTER
1615 H Street, NW
Washington, DC 20062

STEVEN A. ENGEL
  *Counsel of Record*
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
(202) 261-3369
steven.engel@dechert.com

*Counsel for the Chamber of Commerce of the United States of America*

The Chamber of Commerce of the United States of America (the "Chamber") respectfully seeks leave to participate as *amicus curiae* in this Court's scheduled oral argument for the above-captioned matter. Specifically, the Chamber requests that it receive 5 minutes of argument time to address the constitutionality of *qui tam* litigation under the False Claims Act ("FCA"), in addition to the time allocated to the Appellant. The Appellant consents to this motion. If the Court grants the motion, the Chamber and the Appellant have no objection to the Court also adding a parallel allocation of 5 minutes of argument time to the side of those arguing in favor of the constitutionality of the statute.

Appellees oppose the Chamber's motion. The Government takes no position on the Chamber's participation at argument, but would oppose the allocation of five additional minutes for the Chamber without a parallel allocation of additional time to the other side on the constitutional issue.

1.     Argument in this case is scheduled for Friday, March 20, 2026. *See* Dkt. 76. This Court's default time limit for argument is typically 15 minutes per side. *See* 3d Cir. I.O.P. 2.1. Here, though, the Government has requested an additional 10 minutes of argument time to participate as intervenor and *amicus curiae*. *See* Dkt. 80 at 1.

2.     The Chamber respectfully requests that the Court likewise allow the Chamber to participate in oral argument to address the constitutionality of *qui tam*

litigation. Whether the FCA's *qui tam* provisions violate Article II presents important and "complex questions" of first impression in this Circuit. *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 452 (2023) (Thomas, J. dissenting). And the Chamber has a strong interest in addressing this issue, given the nationwide impact that relator-driven FCA litigation has on its members. The prospect of bounties under the FCA has led to hundreds of *qui tam* filings per year against the Chamber's members and other defendants. *See* U.S. Dep't of Justice, *Fraud Statistics – Overview* (Jan. 16, 2026), https://bit.ly/4kSAFpW (noting that relators filed 1,297 new *qui tam* matters in 2025). And even meritless cases can be used to extract enormous settlements. The *qui tam* device has thus harmed businesses across nearly every sector of the economy.

3.    To that end, the Chamber filed an *amicus curiae* brief in this case. *See* Dkt. 40. It has similarly participated as *amicus curiae* in cases across the country that have challenged the constitutionality of the FCA's *qui tam* provisions. *See, e.g.*, Br. of *Amicus Curiae* Chamber of Com., ECF 78, *United States ex rel. Taylor v. Healthcare Assocs. of Tex., L.L.C.*, No. 25-10842 (5th Cir. Jan. 27, 2026); Br. of *Amicus Curiae* Chamber of Com. in Support of Pet. for Reh'g, ECF 124-2, *United States ex rel. Streck v. Eli Lilly & Co.*, Nos. 23-2134, 23-2216, 23-2958, 23-3035, 24-1352, 24-1884 (7th Cir. Nov. 3, 2025); Br. of *Amicus Curiae* Chamber of Com., ECF 101, *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, Nos. 24-13581,

2

24-13583 (11th Cir. Mar. 17, 2025); Br. of *Amicus Curiae* Chamber of Com., ECF 294, *United States ex rel. D'Anna v. Lee Mem. Health Sys.*, No. 2:14-cv-00437-JLB-NPM (M.D. Fla. July 2, 2024); Supp. Br. of *Amicus Curiae* Chamber of Com., ECF 262, *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-cv-01236-KKM-SPF (M.D. Fla. May 21, 2024); Br. of *Amicus Curiae* Chamber of Com., ECF 187-1, *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-cv-01236-KKM-SPF (M.D. Fla. Feb. 23, 2024); Br. of *Amicus Curiae* Chamber of Com., ECF 398-1, *United States ex rel. Shepherd v. Fluor Corp.*, No. 6:13-cv-02428-JD (D.S.C. Dec. 13, 2023).

4.    The Chamber has also participated in oral argument as *amicus curiae* on this topic.  In *Zafirov*, the U.S. District Court for the Middle District of Florida granted the Chamber's motion to enlarge argument time and participate in oral argument.  *See* Order Granting Chamber's Mot. to Participate in Oral Arg., ECF 208, *Zafirov*, No. 8:19-cv-01236-KKM-SPF (M.D. Fla. Mar. 18, 2024).  The Chamber's counsel then participated extensively during oral argument before the District Court, which ultimately held that the *qui tam* provisions are unconstitutional.  *See* Hearing Tr. at 28–53, 175–78, ECF 345, *Zafirov*, No. 8:19-cv-01236-KKM-SPF (M.D. Fla. Sept. 30, 2024); *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293, 1324 (M.D. Fla. 2024).

5.    On appeal, the Eleventh Circuit similarly granted the Chamber's

motion to enlarge argument time and participate in oral argument. *See* Order Granting Chamber's Mot. to Participate in Oral Arg., ECF 161, *Zafirov*, Nos. 24-13581, 24-13583 (11th Cir. Nov. 24, 2025). The Chamber's counsel participated there as well, just a couple of months ago.

6.     The Chamber respectfully asks this Court to similarly allow the Chamber's counsel to participate in oral argument in this appeal. Defendants have raised several complex issues in this important case that will need to be addressed during oral argument, including the constitutionality of *qui tam* litigation. And although Defendants have forcefully explained why existing precedent compels a ruling in their favor, the Chamber believes that its counsel's participation in an enlarged oral argument may be of further assistance to the Court in addressing these difficult Article II questions—as it was in *Zafirov*. The Chamber's *amicus* brief in this Court drew on a wide array of historical sources to show that the FCA's *qui tam* provisions conflict with the original meaning of Article II's text. *See* Dkt. 40. And the Chamber and its counsel have a deep familiarity with the original understanding of Article II, the history of *qui tam* laws, and the Department of Justice's evolving views on these matters. As the world's largest business federation, the Chamber is well-positioned to address these issues, which relate to how the FCA's transfer of core executive power to private hands has exacted a substantial economic toll on businesses nationwide.

4

7.     For these reasons, the Chamber respectfully requests that the Court enlarge the total time for oral argument to provide the Chamber with 5 minutes to present its arguments to the Court.

Respectfully submitted,

MICHAEL H. MCGINLEY
BRIAN A. KULP
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ANDREW R. VARCOE
MARIEL A. BROOKINS
U.S. CHAMBER LITIGATION
CENTER
1615 H Street, NW
Washington, DC 20062

*/s/ Steven A. Engel*
STEVEN A. ENGEL
   *Counsel of Record*
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
(202) 261-3369
steven.engel@dechert.com

*Counsel for* Amicus Curiae
*The Chamber of Commerce of the United States of America*

February 19, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2), I hereby certify that the foregoing motion contains 1,013 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 32(f).  This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 19, 2026                     */s/ Steven A. Engel*
                                              Steven A. Engel

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, I electronically filed the foregoing motion with the Clerk of Court of the United States Court of Appeals for the Third Circuit using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 19, 2026          */s/ Steven A. Engel*
                                   Steven A. Engel