COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Mark W. Mosier**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5435
mmosier@cov.com

**Via CM/ECF**

September 15, 2026

Patricia S. Dodszuweit
Clerk, United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Penelow, et al. v. Janssen Products, LP*, No. 25-1818

Dear Ms. Dodszuweit:

Janssen responds to the Government's letter submitting *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, __ F.4th __, 2026 WL 2581886 (11th Cir. Sept. 1, 2026). That decision is incorrect and, in any event, demonstrates why qui tam suits violate the Take Care and Vesting Clauses—an issue the Eleventh Circuit did not reach. *Id.* at *7. The district court will consider that issue on remand. *Id.*

*Zafirov* held that relators do not violate the Appointments Clause because they do not occupy a "continuing position." *Id.* at *1. That holding transforms the Supreme Court's holistic inquiry into a rigid three-factor test that departs from other circuit's frameworks. *See id.* at *3 n.5. This Court should reject the Eleventh Circuit's approach because it conflicts with *Morrison v. Olson*, 487 U.S. 654 (1988). *Zafirov* attempted to distinguish *Morrison* on the ground that independent counsel exercise "duties" that are not "personal," but relators likewise exercise official duties, suing not in a personal capacity but on the Government's behalf. *See* Br. 49-51 & Reply 31-35. And *Zafirov*'s "continuing emolument" requirement lacks textual and historical support: U.S. Attorneys were compensated per conviction until 1853, yet no one doubts they were principal officers subject to presidential appointment. *See* Jed Shugerman, *The Creation of the Department of Justice*, 66 Stan. L. Rev. 121, 132 (2014).

Even accepting *Zafirov*'s Appointments Clause analysis, it confirms that the FCA's qui tam provisions violate the Take Care and Vesting Clauses. Relators wield significant executive power: Congress has delegated to them the executive function of bringing lawsuits for the Government. Br. 49-51; Reply 35-36. The Constitution vests "all" executive power in the President. U.S. Const. art. II, §§ 1, 3. If relators are not "officers" under the Appointments Clause, then the FCA permits private citizens—beyond presidential supervision or removal—to prosecute cases in the Government's name. That cannot be squared with the Take Care and Vesting Clauses.

*Zafirov* did not address the other grounds for reversal that Janssen raised in its briefs. If the Court rules for Janssen on those grounds, it need not reach the constitutional issues.

Respectfully submitted,

*/s/ Mark W. Mosier*
Mark W. Mosier

*Counsel for Defendant-Appellant*
*Janssen Products, LP*

cc: All counsel of record (via CM/ECF)